## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## _MACON DIVISION

| | | |
|---|---|---|
| **JOHN TREVOR TURNER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **NO. 5:25-cv-00154-CAR-CHW** |
| | : | |
| **WILCOX STATE PRISON, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

Plaintiff John Trevor Turner, who is currently in the Jenkins Correctional Center in Millen, Georgia, filed a 42 U.S.C. § 1983 complaint in the Southern District of Georgia. ECF No. 1. He also filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. Because Plaintiff's complaint relates to events that occurred at Wilcox State Prison, the Southern District transferred the case to this Court. ECF No. 3.

This Court ordered Plaintiff to submit a certified copy of his trust fund account statement, ECF No. 6, which he has now filed. ECF Nos. 9 & 10. On review of Plaintiff's submissions, his motion to proceed IFP (ECF No. 2) is **GRANTED**, as discussed below. Additionally, Plaintiff's motion to amend his complaint (ECF No. 8) is **GRANTED**. On review of Plaintiff's complaint and amendment, however, it is **RECOMMENDED** that Plaintiff's complaint, as amended, be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

## MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   ECF No. 2.   As it appears Plaintiff is unable to pay the cost of commencing this action, *see* ECF Nos. 9 & 10, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which

Plaintiff is incarcerated.  It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.  If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

3

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.    28 U.S.C. § 1915A(a).    Courts must also screen complaints filed by a plaintiff proceeding IFP.    28 U.S.C. § 1915(e).    Both statutes apply in this case, and the standard of review is the same.    "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."    *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).    Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."    *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).    On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."    *Id.* (citations omitted).    A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.    *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

4

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.    <u>Factual Allegations</u>

In his complaint, Plaintiff asserts that, on February 6, 2024, he was in medical to get a prescription refilled when his vital signs were checked and his blood pressure was extremely low.   ECF No. 1 at 5.   Dr. Omer Ahmed asked Plaintiff to stand up and move to a different exam room.   *Id.*   While doing so, Plaintiff became lightheaded and fainted.   *Id.*   After Plaintiff sat for a minute and was given cold water to drink, Plaintiff was able to stand up and go to the other exam room.   *Id.*   At that point, Dr. Ahmed and another member of the medical staff stood over Plaintiff as he lay back on the table.   *Id.* Dr. Ahmed then forcefully shoved something into Plaintiff's nose, apparently Narcan. *Id.*   Plaintiff told him to stop and refused the Narcan.   *Id.*   Plaintiff was then taken to Dodge City Hospital where he was treated for shortness of breath and low blood pressure. *Id.*   At the hospital, Plaintiff was given an ultrasound and x-rays.   *Id.*   A urinalysis and blood test produced negative results.   *Id.*

Plaintiff filed this complaint naming Dr. Ahmed, Wilcox State Prison, the State of Georgia, and the Georgia Department of Corrections as defendants.   *Id.*   Plaintiff also filed a motion to amend his complaint.   ECF No. 8.   At this stage of the proceeding, Plaintiff is entitled to amend his complaint once as a matter of right.[1]   Fed.

---

[1]Generally, an amended complaint takes the place of an earlier complaint.   Here, however, Plaintiff's amended complaint sets forth additional allegations that do not appear to be intended to replace the allegations in the original complaint.   Therefore, the amendment is considered in addition to, rather than instead of, the original complaint.

R. Civ. P. 15(a)(1).   Therefore, his motion to amend )ECF No. 8) is **GRANTED**.   In the amendment, Plaintiff asserts that, on February 27, 2024, Sergeant Prather was processing transfers when Plaintiff told Sergeant Prather about property that was being held for Plaintiff in the Wilcox State Prison property room.   *Id.* at 1.   Sergeant Prather told Plaintiff that the door would have to be unlocked by the property room manager. *Id.*   Plaintiff asked that Sergeant Prather call the property room manager, but Sergeant Prather became argumentative and told Plaintiff that his property would be mailed to him.   *Id.*

At that point, the property room manager, Officer Prather[2], arrived, and Plaintiff began asking her to retrieve his property.   *Id.*   Sergeant Prather again told Plaintiff to stop asking because Plaintiff's property was to be mailed to him.   *Id.*   Plaintiff asserted that the property needed to travel with him.   *Id.*   Officer Prather was going to get Plaintiff's property, but when Plaintiff said that it was five or six boxes, Sergeant Prather repeated that the property would be mailed to Plaintiff.   *Id.* at 1-2.   Plaintiff asserts that it has now been over a year, and his property has not been mailed to him.   *Id.* at 5.

III.   Plaintiff's Claims

A. Excessive Force

It is not clear from Plaintiff's complaint which of his constitutional rights he believes that Dr. Ahmed may have violated, but it seems that Plaintiff could be attempting

---

[2]Plaintiff does not know if Officer Prather and Sergeant Prather are related in any way.

to raise a claim for use of excessive force.   The Eighth Amendment clearly prohibits the unnecessary and wanton infliction of pain, the infliction of pain without penological justification, and the infliction of pain grossly disproportionate to the severity of the offense.   *Ort v. White*, 813 F.2d 318, 321 (11th Cir. 1987) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).   To state an Eighth Amendment claim in this context, a plaintiff must allege conduct by a defendant that was objectively harmful enough to establish a constitutional violation and that the defendant acted with a sufficiently culpable state of mind, *i.e.*, that the defendant acted maliciously and sadistically to cause harm.   *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Here, Plaintiff alleges only that Dr. Ahmed attempted to administer Narcan by forcefully placing it up Plaintiff's nose.   Plaintiff, however, objected and refused the Narcan.   Plaintiff does not allege facts showing that Dr. Ahmed persisted with administering the Narcan or that Dr. Ahmed took this action with the intent to harm Plaintiff.   Therefore, his allegations do not state a claim for excessive force, and it is **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE**.

## B. Deliberate Indifference to Serious Medical Need

Broadly construing Plaintiff's complaint, it appears that he also could be attempting to state a claim for deliberate indifference to a serious medical need.   To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation

between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted).

Plaintiff alleges that he had a medical need insofar as he had extremely low blood pressure and was lightheaded to the point of fainting. Plaintiff's allegations imply that Dr. Ahmed mistook Plaintiff's symptoms for an overdose and attempted to give Plaintiff Narcan. When Plaintiff refused the Narcan, he was sent to the hospital for additional treatment.

Although Plaintiff asserts that Dr. Ahmed wrongly assumed that Plaintiff was experiencing an overdose, nothing in Plaintiff's allegations shows that Dr. Ahmed disregarded a risk of harm to Plaintiff. Instead, Plaintiff's allegations show that Dr. Ahmed attempted to provide Plaintiff with medicine and then sent Plaintiff to the hospital for further evaluation when Plaintiff refused that medicine. Thus, Plaintiff's allegations do not state a claim for deliberate indifference to a serious medical need, and it is **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE**.

C. State Defendants

Plaintiff names the State of Georgia, the Georgia Department of Corrections, and Wilcox State Prison as defendants in this action. Even if Plaintiff's allegations had stated a claim for relief, these defendants would be entitled to dismissal because they are immune from this suit. The Eleventh Amendment bars suits directly against a state or its agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781,

782 (1978)).   This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief."   *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).   The State of Georgia and its agencies, including the Georgia Department of Corrections and Wilcox State Prison, are thus protected by sovereign immunity.   *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability).   Accordingly, they are not proper defendants to this suit, and it is **RECOMMENDED** that any claims against them be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim because it is clear on the face of the complaint that these defendants are immune from this suit.

      D.   <u>Deprivation of Property</u>

Finally, Plaintiff alleges in his motion to amend that he has been deprived of five or six boxes of his property for over a year.   ECF No. 8.   This claim involves a different defendant than the original claim, and it does not appear to be related to the original claim for the purposes of joinder.   In particular, Rule 20(a)(2) of the Federal Rules of Civil Procedure permits joinder of defendants only when the right to relief asserted arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."   This claim related to Plaintiff's property does not appear to arise out of the same transaction or occurrence as Plaintiff's claim that Dr. Ahmed improperly tried to give him Narcan.

Even assuming that this claim is properly joined, it does not state a claim upon which relief may be granted.  Notably, a plaintiff cannot state a due process claim for the intentional deprivation of property if the state makes a meaningful post-deprivation remedy available to the plaintiff.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  In this regard, the State of Georgia provides Plaintiff an adequate post-deprivation remedy for the loss of his property through a state court action.  *See* O.C.G.A. §§ 51-10-1 through 51-10-6; *see also Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (finding no due process violation for the retention of the plaintiffs' cash by the police because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1).  Thus, it is also **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

IV.    Conclusion

Therefore, for the reasons set forth above, Plaintiff has not stated a claim on which relief may be granted.  Accordingly, it is **RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation.  The parties may seek an extension of time in which to file written

objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

      **SO ORDERED and RECOMMENDED**, this 1st day of August, 2025.


      s/ Charles H. Weigle       
      Charles H. Weigle
      United States Magistrate Judge